**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
_____
JOHN TOLEDO,                     :
                                 :   Civil Action No. 08-3671 (NLH)
              Petitioner,        :
                                 :
       v.                        :        O P I N I O N
                                 :
WARDEN, FAIRTON FEDERAL          :
CORRECTIONAL INSTITUTION,        :
                                 :
              Respondent.        :
_____ :
```

**APPEARANCES:**

> JOHN TOLEDO, Petitioner, Pro Se
> # 05517-055
> Low Security Correctional Institution-Allenwood
> P.O. Box 1000
> Whitedeer, Pennsylvania 17887
>
> ELIZABETH ANN PASCAL, Assistant U.S. Attorney
> UNITED STATES DEPARTMENT OF JUSTICE
> 401 Market Street, P.O. Box 2098
> Camden, New Jersey  08101
> Attorneys for Respondent

**HILLMAN, District Judge**

Petitioner, John Toledo ("Toledo"), a federal inmate presently confined at the Low Security Correctional Institution-Allenwood in Whitedeer, Pennsylvania, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a reduction of his federal sentence for the time he was incarcerated at the Northeast Ohio Correctional Center ("NEOCC"). Toledo names the Warden at FCI Fairton, in Fairton, New Jersey,

where petitioner was confined at the time he filed this habeas petition, as the party respondent in this matter.

The Government submitted a response to this petition with the relevant record, on March 16, 2009. Toledo has not filed a reply or traverse. This Court has reviewed the written submissions of the parties, and for the reasons stated below, will dismiss the petition for lack of jurisdiction.

## I. <u>BACKGROUND</u>

Toledo is federal inmate presently confined at the Low Security Correctional Institution-Allenwood in Whitedeer, Pennsylvania. On April 6, 2006, Toledo was arrested by the Drug Enforcement Agency at his home, and was later released on bond on April 20, 2006. (Respondent's Attachment, Declaration of Vanessa Herbin-Smith ("Herbin-Smith Decl.") at ¶ 4.c and Exhibit 3). Several months later, on July 26, 2006, Toledo was arrested by New York state authorities and was held in state custody. (<u>Id</u>., ¶ 5, Presentence Investigation Report). On January 19, 2007, April 6, 2007, and May 25, 2007, Toledo was produced by state authorities in federal court for one day on each occasion pursuant to a writ of habeas corpus ad prosequendum. (<u>Id</u>., ¶ 4.c, Ex. 3). On May 25, 2007, Toledo was sentenced in the United States District Court for the Western District of New York to an aggregate prison term of 60 months imprisonment, for violating 21 U.S.C. § 841(a)(1))(unlawful manufacture of 100 or more marijuana

plants) and 18 U.S.C. § 922 (g)(1)(felon in possession of a firearm).  (Id., ¶ 4.a and Ex. 1).  Specifically, Toledo was sentenced to 60 months in prison on the first count and 57 months imprisonment on the second count, to run concurrently.  The Judgment and Commitment Order entered in the United States District Court for the Western District of New York was silent regarding Toledo's state sentence being served at that time. (Id.)

Following his federal sentencing on May 25, 2007, Toledo was returned to state custody to continue service of his state sentence.  Toledo was released to federal custody on August 3, 2007.  (Herbin-Smith Decl., ¶ 4.c and Ex. 3).  He was confined at the NEOCC[1] from August 10, 2007, to February 25, 2008, before being transferred to FCI Fairton.  (Id., ¶¶ 4.a, 4.c, and Exs. 1 and 3).  Toledo's projected release date from his federal sentence is November 25, 2011, subject to good time credit earned.  (Id., ¶ 4.b and Ex. 2).

Toledo does not allege, and the respondent confirms, that Toledo has not filed for an administrative remedy since he has been in federal custody.  Indeed, Toledo admits that he has not

---

[1]  The NEOCC is a private correctional facility located in Youngstown, Ohio, which houses inmates for both the federal Bureau of Prisons ("BOP") and the U.S. Marshals Service ("USMS"). The facility is accredited by the American Correctional Association.  See http://www.correctioscorp.com/facility/52/.

exhausted his administrative remedies regarding the sentencing issues raised in his habeas petition.

On February 28, 2008, Toledo filed a <u>pro</u> <u>se</u> application with the sentencing court in the United States District Court for the Western District of New York, entitled "Request for an Order Requiring the Bureau of Prisons to Award a 3-Day Credit for Every Day Served in the Northeast Ohio Correctional Center U.S. Marshal Hold as Relief Pursuant to Title 28 U.S.C. Section 2255." (Docket entry no. 5-5).  In his application to the sentencing court, Toledo sought an order reducing his federal sentence by three days for each day served at the NEOCC on the grounds that "the conditions at the NEOCC constitute cruel and unusual punishment and this has caused him to serve a more onerous period of incarceration than that which was contemplated by the sentencing Court."  (<u>Id</u>.)  On July 9, 2008, the sentencing court entered an Order, amended on July 14, 2008 to reflect the actual place of petitioner's confinement at that time, re-characterizing the application filed by Toledo as a petition for habeas relief under 28 U.S.C. § 2241, and transferring the matter to this District Court because Toledo was confined at FCI Fairton located within the District of New Jersey.  (Docket entry nos. 5 and 5-2).

Accordingly, this action was received in this District Court on July 16, 2008,[2] and is now before this Court as a habeas petition under § 2241, wherein petitioner asks the Court to order the BOP to award him three days of credit for every day he was housed at the NEOCC.  Toledo filed an addendum to his petition on October 28, 2008, and again on February 4, 2009, setting forth more detail as to the conditions of his confinement at the NEOCC. (Docket entry nos. 7 and 13, respectively).

Respondent answered this petition on March 16, 2009, arguing that the Court lacks jurisdiction to grant the relief sought by petitioner.  Alternatively, respondent contends that the petition should be dismissed for failure to exhaust administrative remedies and because it is based on a conditions of confinement claim more properly asserted under Bivens.[3]

## II.  DISCUSSION

### A.  Jurisdiction

Although Toledo originally brought this action under 28 U.S.C. § 2255, the sentencing court recharacterized the action as

---

[2]  This matter was administratively terminated on October 28, 2008, because petitioner had not paid the $5.00 filing fee or submitted an application to proceed in forma pauperis.  However, Toledo submitted the filing fee on October 28, 2008, which had not been reflected on the docket before the Court issued its Order.  The case was re-opened by order entered on January 28, 2009.

[3]  Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

a habeas petition under 28 U.S.C. § 2241.  Section 2241 provides
in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless– . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas
jurisdiction to hear the petition of a federal prisoner who is
challenging not the validity but the execution of his sentence."
Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A
petition for a writ of habeas corpus under 28 U.S.C. § 2241 in
the district where the prisoner is confined provides a remedy
"where petitioner challenges the effects of events 'subsequent'
to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.
1976)(challenging erroneous computation of release date).  See
Vega v. United States, 493 F.3d 310, 313 (3d Cir. 2007)(challenge
to BOP's failure to give credit for time served prior to federal
sentencing is cognizable under § 2241); Barden v. Keohane, 921
F.2d 476, 478-79 (3d Cir. 1991)(challenge to BOP's refusal to
decide whether to designate state prison as a place of federal
confinement); Soyka v. Alldredge, 481 F.2d 303 (3d Cir.
1973)(where petitioner alleged a claim for credit for time served
prior to federal sentencing)[4]; 2 James S. Liebman & Randy Hertz,

---

[4]  This Court notes that Toledo's seeks credit against his
federal sentence for the time he spent in confinement at the

Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998).

Here, it would appear that Toledo is challenging the execution of his federal sentence because he is seeking the BOP to award him a three to one credit ratio against his federal sentence for the time he served in the NEOCC before commitment to FCI Fairton due to harsh and unreasonable conditions of his confinement at the NEOCC.  He does not challenge the imposition of his sentence.

The respondent, however, challenges this Court's jurisdiction over petitioner's claim.  Respondent argues that Toledo is actually seeking a modification of his sentence based on the conditions of his confinement at the NEOCC, which is not cognizable in a habeas petition under § 2241.  More appropriately, respondent contends that Toledo's course for remedy would be a § 2255 motion or, alternatively, a claim under 18 U.S.C. § 3582(c), which governs the modification of an imposed prison term.

A district court has the authority to modify a valid sentence only if such authority is conferred by federal statute.

_____

NEOCC after sentencing and not before sentencing in contrast to Vega, 493 F.3d at 313 (challenging the BOP's failure to give credit for time served prior to federal sentencing, which is cognizable under § 2241) and Soyka, 481 F.2d 303 (where petitioner alleged a claim for credit for time served prior to federal sentencing).

<u>United States v. Ross</u>, 245 F.3d 577, 586 (6th Cir. 2001); <u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996); <u>United States v. Caterino</u>, 29 F.3d 1390, 1394 (9th Cir. 1994); <u>Morales v. United States</u>, 353 F. Supp.2d 204, 205 (D. Mass. 2005).  <u>See also</u> <u>United States v. Higgs</u>, 504 F.3d 456, 464 (3d Cir. 2007)(a district court's jurisdiction to reconsider sentencing may only stem from a statute or rule of criminal procedure). Specifically, § 3582(c) states that a district court may not modify a sentence once it has been imposed except that --

   (1) in any case --
     (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that --
     (i) extraordinary and compelling reasons warrant such a reduction; or
     (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
     (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
     (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or its own motion, the court may reduce the term of imprisonment, after

considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In this case, Toledo's request for a modification of his sentence would appear to fall under the exception of "extraordinary and compelling reasons" set forth in § 3582(c)(1)(A)(i). However, it is well settled law that a district court can not grant a prisoner's request for modification of his sentence under this section if the Director of the BOP does not move for a reduction of sentence. See United States v. Thomas, 570 F. Supp.2d 202, 203 (D.P.R. 2007). See also United States v. Hudson, 44 Fed. App. 457, 458 (10th Cir. 2002); United States v. Tyler, 417 F. Supp.2d 80 (D. Me. 2006); Morales v. United States, 353 F. Supp.2d 204 (D. Mass. 2005); Porges v. Zickefoose, 2008 WL 4596640 at *2 (D. Com. Oct. 15, 2008).

Therefore, where there has been no motion on Toledo's behalf filed by the Director of the BOP, to modify his sentence under § 3582(c)(1)(A)(i), this Court has no authority to grant Toledo's request for a sentence reduction under this statute. Moreover, Toledo has not asserted any facts that would have this matter fall within any of the other exceptions listed under § 3582(c). Toledo has not stated that he seeks a sentence reduction under any other statute, and this Court finds no other statutory basis

for the relief he seeks.  Accordingly, the petition must be
dismissed for want of jurisdiction.[5]

Finally, this Court rejects the cases relied upon by Toledo
in seeking a reduction in his sentence, because all of these
cases involved conditions of confinement prior to sentencing, and
the conditions of confinement were used by the sentencing court
to grant a downward departure from the sentencing guidelines at
the time of sentencing.  See United States v. Rodriguez, 214 F.
Supp.2d 1239, 1240-41 (M.D. Ala. 2002)(sentencing court granted a
downward departure after defendant had been sexually assaulted
during pre-sentencing confinement); United States v. Francis, 129
F. Supp.2d 612, 619 (S.D.N.Y. 2001)(sentencing court granted

---

[5]   In the event Toledo may be successful in having the
Director of the BOP move for a modification of his sentence on
the grounds asserted, pursuant to § 3582(c)(1)(A)(i), this Court
notes that the appropriate jurisdiction for such an application
resides in the district court that imposed Toledo's sentence.
where petitioner was sentenced.  See Braswell v. Gallegos, 82
Fed. Appx. 633, 635 & n.2 (10th Cir. 2003)(district in which
federal inmate was imprisoned had no jurisdiction to modify
sentence imposed by another district, and the application for
modification of the sentence should have been filed in the
district which imposed the sentence); Porges, 2008 WL 4596640 at
*2.  This Court makes no comment on the transfer of this matter
from the United States District Court for the Western District of
New York, but finds that it is not appropriate, nor in the
interest of justice, to transfer this matter to the sentencing
court in the Western District of New York where Toledo has not
demonstrated any statutory basis for his request for a sentence
reduction and the BOP has not made any motion for modification of
his sentence under § 3582(c)(1)(A).  See 28 U.S.C. § 1631
(statute governing the transfer of actions to cure want of
jurisdiction).  Moreover, now that Toledo has been transferred to
another prison facility in Whitedeer, Pennsylvania, he is no
longer confined in this district.

downward departure after finding that defendant was subjected to harsh and substandard conditions during his pretrial and pre-sentence confinement for an extended period of time); United States v. Bakeas, 987 F. Supp. 44, 46-50 (D. Mass. 1997) (sentencing court granted a downward departure because as a non-citizen, defendant would have been confined to far more onerous conditions in a medium security institution than the recommended sentence of 12 months in a minimum security facility).

Respondent argues that none of these cases are analogous to this action because Toledo was confined at NEOCC after he was sentenced, from August 10, 2007 to February 25, 2008, before being transferred to FCI Fairton.  Therefore, the confinement period at issue occurred after sentencing and could not have been cured or considered by the sentencing court.

This Court likewise finds that the cases relied upon by Toledo do not provide any basis for the relief he seeks.  More importantly, the cases underscore the fact that any application for a reduction or modification of a federal sentence must be brought before the district court that imposed the sentence, and not here where petitioner is now no longer confined.

B.  **Failure to Exhaust Administrative Remedies**

Respondents also contend that this action should be dismissed because Toledo failed to exhaust his administrative remedies with the BOP before bringing this action.  While it is

plain, and Toledo concedes, that he has not exhausted his administrative remedies, this Court nevertheless declines to address this defense because, as set forth above, the Court has no statutory authority to reduce Toledo's sentence as requested, and therefore, has no jurisdiction over the matter.

**CONCLUSION**

For the reasons set forth above, the Court will dismiss the petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction.  An appropriate order follows.


    /s/ NOEL L. HILLMAN
NOEL L. HILLMAN
United States District Judge

At Camden, New Jersey
Dated: July 21, 2009